**EXHIBIT B**

FILED
TARRANT COUNTY
12/10/2018 11:04 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-304857-18

| | | |
|---|---|---|
| **WAGNER OIL COMPANY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **FEDERAL INSURANCE COMPANY,** | § | |
| **PACIFIC INDEMNITY COMPANY,** | § | |
| **AND SCOTTSDALE INSURANCE** | § | |
| **COMPANY** | § | |
| | § | **__TH JUDICIAL DISTRICT** |
| **Defendants.** | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Wagner Oil Company ("Wagner Oil" or "Plaintiff") files this Original Petition against Defendants Federal Insurance Company ("Federal"), Pacific Indemnity Company ("Pacific"), and Scottsdale Insurance Company ("Scottsdale") (collectively, "Defendants") and would respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Wagner Oil requests that this case be governed by a Level 3 Discovery Control Plan as set forth in Texas Rule of Civil Procedure 190.

### II.
### CLAIM FOR RELIEF

2.      Pursuant to Texas Rule of Civil Procedure 47, Wagner Oil seeks monetary relief of more than $1,000,000, non-monetary relief, and any other relief to which Plaintiff may show itself justly entitled.

## III.
## PARTIES

3.       Plaintiff Wagner Oil Company is a Texas corporation with its headquarters located at 500 Commerce Street, Suite 600, Fort Worth, Texas 76102.

4.       Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in New Jersey. Federal may be served through its agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

5.       Defendant Pacific Indemnity Company is a Wisconsin insurance company with its principal place of business in New Jersey. Pacific may be served through its agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

6.       Defendant Scottsdale Insurance Company is an Ohio surplus lines insurance company with its principal place of business in Arizona. Because Scottsdale does not appoint or maintain a registered agent in Texas, it may be served with process through the Commissioner of Insurance, Texas Department of Insurance, P.O. Box 149104, Austin, TX 78714-9104.

## IV.
## JURISDICTION AND VENUE

7.       The Court has subject matter jurisdiction over this dispute because the damages and relief sought are within the jurisdictional limits of this Court. At this time, Wagner Oil seeks monetary relief of more than $1,000,000, non-monetary relief, and any other relief to which Wagner Oil may be justly entitled. Wagner Oil's damages, however, will increase as it incurs additional attorneys' fees as a result of Defendants' wrongful conduct.

8.       The Court has personal jurisdiction over Defendants because each regularly transacts business in the State of Texas and has had systematic and continuous contacts with the State of Texas. Additionally and alternatively, the Court has personal jurisdiction over

Defendants because the causes of action asserted herein arise from and directly relate to Defendants' transaction of business with Plaintiff within the State of Texas.

9.     Venue is proper in Tarrant County because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Tarrant County and, alternatively, because Wagner Oil is headquartered in Tarrant County. TEX. CIV. PRAC. & REM. CODE § 15.002(a).

## V.
## BACKGROUND FACTS

A.     **Federal, Pacific and Scottsdale Insured Wagner Oil Under General Liability Policies, Pollution Liability Policies and/or Umbrella Policies.**[1]

10.     Wagner Oil obtained several insurance policies from Federal, including (a) General Liability Policy No. 3580-23-70, which provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per occurrence and unlimited defense insurance coverage, for the policy period January 31, 2003 to January 31, 2011; (b) Pollution Liability Policy No. 3725-40-50, which provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per pollution incident and unlimited defense insurance coverage, for the policy period January 31, 2003 to January 31, 2009; and (c) Umbrella Liability Policy No. 7981-73-46, which provided Wagner Oil with no less than $5,000,000 in insurance coverage per occurrence, for the policy period January 31, 2003 to January 31, 2009 (collectively, the "Federal Policies"). Wagner Oil is a named insured under each of the Federal Policies, which provided Wagner Oil coverage for, among other things, "property damage."

11.     Wagner Oil also obtained several policies from Pacific, including (a) Pollution Liability Policy No. 3725-40-50, which provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per pollution incident and unlimited defense insurance coverage, for the policy period January 31, 2009 to January 31, 2011; and (b) Umbrella Liability Policy

---

[1] Collectively, the Federal Policies, Pacific Policies, and Scottsdale Policies are referred to herein as "the Policies."

No. 7981-73-46 for the policy period January 31, 2009 through January 31, 2011, which provided Wagner Oil with no less than $5,000,000 in insurance coverage per occurrence, for the policy period January 31, 2009 to January 31, 2011 (collectively, the "Pacific Policies"). Wagner Oil is a named insured under the each of the Pacific Policies, which provided Wagner Oil coverage for, among other things, "property damage."

12.     Wagner Oil also obtained several insurance policies from Scottsdale, including Commercial General Liability Policy No. CLS0639940 for the policy period January 31, 2000 to January 31, 2001 and Commercial General Liability Policy No. CLS0696966 for the policy period January 31, 2001 to January 31, 2002 (collectively, "the Scottsdale General Liability Policies"), as well as Umbrella Liability Policy No. UMS0005539 for the policy period January 31, 2000 to January 31, 2001 and Umbrella Liability Policy No. UMS0006660 for the policy period January 31, 2001 to January 31, 2002 (collectively, "the Scottsdale Umbrella Policies").[2] The Scottsdale General Liability Policies provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per occurrence and unlimited defense insurance coverage. The Scottsdale Umbrella Policies provided Wagner Oil with no less than $10,000,000.00 in insurance coverage per occurrence.  Wagner Oil is a named insured under each of the Scottsdale Policies, which provided Wagner Oil coverage for, among other things, "property damage."

B.     **Property Damage Pleading Allegations Were Asserted Against Wagner Oil In Several Legacy Lawsuits Filed In Louisiana.**

13.     Wagner Oil was served with process as a named defendant in the lawsuit styled *Ardoin Limited Partnership, et al. v. Meridian Resource & Exploration, LLC, et al,* Cause No. 10-18692, in the 38th Judicial District for the Parish of Cameron, State of Louisiana (the "Ardoin Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.

---

[2] Together the Scottsdale General Liability Policies and the Scottsdale Umbrella Policies are referred to herein as the "Scottsdale Policies."

14.      Wagner Oil was named as a defendant in the lawsuit styled *Bowie Lumber Associates v. BP America Production Company, et al.*, Cause No. 123325, in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana (the "Bowie Lumber Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.

15.      Wagner Oil was served with process as a named defendant in the lawsuit styled *The State of Louisiana and the Cameron Parish School Board v. BP America Production Company, et al.*, Cause No. 10-18672, in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana (the "Cameron Parish Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.

16.      Wagner Oil was named as a defendant in the lawsuit styled *Mark Clark v. Wagner Oil Company et al.*, Cause No 10-18866, in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana (the "Clark Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.

17.      Wagner Oil was named as a defendant in the lawsuit styled *Peltier Farms LLC, et al. v. BP America Production Company et al.*, Cause No. 121221, in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana (the "Peltier Farms Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.[3]

18.      Wagner Oil was named as a defendant in the lawsuit styled *Debra Bergeron Duhon v. Petro "E" LLC, et al.*, Cause No. 88,120, in the 15th Judicial District Court for the Parish of Vermillion, State of Louisiana (the "Duhon Litigation") in which plaintiffs alleged, among other things, property damage by Wagner Oil.

---

[3] The Ardoin Litigation, Bowie Lumber Litigation, Cameron Parish Litigation, Clark Litigation, Peltier Farms Litigation, and Duhon Litigation are collectively referred to herein as the "Louisiana Lawsuits."

**C.     Although Wagner Oil Properly Tendered Notice Of Its Claims, Defendants Have Not Provided Full Benefits For The Louisiana Lawsuits.**

16.     In compliance with the terms and conditions of the Policies, Wagner Oil (through its insurance broker) submitted a request for insurance benefits to Defendants in connection with each of the Louisiana Lawsuits.  In violation of their obligations under the Policies, however, Defendants have failed to provide Wagner Oil full benefits for the Louisiana Lawsuits.

17.     To date, Wagner Oil has incurred over $1,000,000 in uncompensated attorneys' fees and costs associated with the Louisiana Lawsuits for which Defendants are responsible pursuant to their respective duties to defend Wagner Oil.

18.     Because of Defendants' wrongful conduct in failing to honor their obligations under the Policies, Wagner Oil has been forced to carry the uncompensated costs incurred in defense of the Louisiana Lawsuits.

19.     Wagner Oil is entitled to insurance benefits under the Policies. Wagner Oil has complied with all conditions precedent under the Policies, and all conditions precedent to recovery have occurred, been performed, or been excused.

**VI.**
**CAUSES OF ACTION**

**A.     Declaratory Judgment.**

20.     All prior paragraphs are incorporated herein by reference.

21.     Pursuant to the Uniform Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice and Remedies Code, Wagner Oil requests that the Court declare the parties' respective rights and obligations under the Policies.  Specifically, Wagner Oil seeks a declaration that Defendants had a contractual duty to pay all defense costs incurred by Wagner Oil in connection with the Louisiana Lawsuits.

22.     Wagner Oil's demand for reimbursement of defense costs under the Policies is a real, actual, and justiciable controversy.

**B.     Breach Of Contract.**

23.     All prior paragraphs are incorporated herein by reference.

24.     Defendants breached their contractual duties owed to Wagner Oil under the Policies.

25.     Defendants had a contractual duty to pay all defense costs incurred by Wagner Oil in connection with each of the Louisiana Lawsuits.  There is no policy exclusion that negates Defendants' defense coverage obligations.   Wagner Oil properly notified Defendants of its claims for coverage, yet Defendants have failed to comply with their obligations to pay all defense costs.

26.     Wagner Oil has suffered substantial damages as a proximate cause of Defendants' material breaches of the Policies.  These damages include the costs associated with the defense of the Louisiana Lawsuits that remain uncompensated.  Wagner Oil is entitled to recover the full amount due under the Policies including all attorneys' fees, costs, and expenses.

**E.     Attorneys' Fees.**

27.     All prior paragraphs are incorporated herein by reference.

28.     Defendants' wrongful conduct has forced Wagner Oil to retain the undersigned attorneys to prosecute these claims.  Wagner Oil has demanded that Defendants perform their respective contractual obligations under the Policies but Defendants have failed to do so. Wagner Oil is therefore entitled to recover its reasonable and necessary attorneys' fees and costs in prosecuting this action under Section 37.009 of the Texas Civil Practices and Remedies Code and Section 38.001 of the Texas Civil Practices and Remedies Code of the Texas Insurance Code.

## VII.
### DEFENDANTS' POLICY INTERPRETATIONS ARE
### INCORRECT AND UNREASONABLE

29.     Wagner Oil contends its interpretation of the relevant provisions of the Policies is the only reasonable interpretation.  Alternatively, to the extent and under the circumstance that Defendants' interpretations could also be considered reasonable, Wagner Oil alleges that the Policies are ambiguous and that such ambiguity must be resolved in favor of the insured, Wagner Oil.

## VIII.
### CONDITIONS PRECEDENT

30.     All conditions precedent have been performed or have occurred as required.

## IX.
### PRAYER FOR RELIEF

31.     Wagner Oil prays that upon trial of the merits, the Court enter judgment in Wagner Oil's favor on all claims asserted herein, including without limitation:

(a)     declaratory relief providing that Defendants had a contractual obligation to pay all defense costs incurred by Wagner Oil in connection with the Louisiana Lawsuits;

(b)     actual damages as set forth above;

(c)     reasonable and necessary attorneys' fees and costs incurred in connection with Wagner Oil's claims against Defendants;

(d)     costs of Court;

(e)     pre- and post-judgment interest at the maximum rate allowed by law; and

(f)     all other and further relief to which Wagner Oil is justly entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Marshall M. Searcy*
Marshall M. Searcy, Jr.
State Bar No. 17955500
marshall.searcy@kellyhart.com
Scott R. Wiehle
State Bar No. 24043991
scott.wiehle@kellyhart.com
Derek W. Anderson
State Bar No. 24012215
derek.anderson@kellyhart.com
Whitney D. Beckworth
State Bar No. 24087400
whitney.beckworth@kellyhart.com
Caroline A. Brownlie
State Bar No. 24101562
caroline.brownlie@kellyhart.com
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 332-2500
Facsimile:  (817) 878-9462

ATTORNEYS FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* __236-304857-18__    COURT *(FOR CLERK USE ONLY):* _____

STYLED __Wagner Oil Company v. Federal Insurance Company, et al__
*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Whitney Beckworth
Email: whitney.beckworth@kellyhart.com

Address: 201 Main Street, Ste 2500
Telephone: (817) 332-2500

City/State/Zip: Fort Worth, Texas 76102
Fax: (817) 878-9280

Signature: /s/ Whitney D. Beckworth
State Bar No: 24087400

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Wagner Oil Company

Defendant(s)/Respondent(s): Federal Insurance Company, Pacific Indemnity Company, Scottsdale Insurance Company

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
Debt/Contract
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

Foreclosure
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
Malpractice
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
Product Liability
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
Divorce
- [ ] With Children
- [ ] No Children

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
Probate/Wills/Intestate Administration
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [X] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [X] Over $1,000,000