CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

2019 MAR 12  AM 11: 57

DEPUTY CLERK_____

| | | |
|---|---|---|
| **WAGNER OIL COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-cv-00072-A** |
| | § | |
| **FEDERAL INSURANCE COMPANY;** | § | |
| **and SCOTTSDALE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Wagner Oil Company ("Wagner Oil" or "Plaintiff") files this Amended Complaint against Defendants Federal Insurance Company ("Federal") and Scottsdale Insurance Company ("Scottsdale") (collectively, "Defendants") and would respectfully show as follows:

## I.
## PARTIES AND SERVICE

1.     Plaintiff Wagner Oil Company is a Texas corporation with its headquarters located at 500 Commerce Street, Suite 600, Fort Worth, Texas 76102.

2.     Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in New Jersey.  Federal may be served through its agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.  Federal has appeared in this litigation.

3.     Defendant Scottsdale Insurance Company is an Ohio surplus lines insurance company with its principal place of business in Arizona.  Because Scottsdale does not appoint or maintain a registered agent in Texas, it may be served with process through the Commissioner of Insurance, Texas Department of Insurance, P.O. Box 149104, Austin, TX 78714-9104.

## II.
## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.  Complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§1367, 1391.

6.      The parties each conduct business within this State and are subject to personal jurisdiction in this Court

## III.
## FACTUAL BACKGROUND

A.      **Wagner Oil Obtained Commercial General Liability Insurance From Federal And Scottsdale.[1]**

7.      Wagner Oil obtained General Liability Policy No. 3580-23-70, which provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per occurrence and unlimited defense insurance coverage for the policy period January 31, 2003 to January 31, 2011 (the "Federal Policy"), from Federal.[2]  The Federal Policy provided Wagner Oil coverage for, among other things, "property damage" for the applicable policy period.  Wagner Oil is a named insured under the Federal Policy.

8.      Wagner Oil also obtained several insurance policies from Scottsdale, including Commercial General Liability Policy No. CLS0639940  for the policy period January 31, 2000 to January 31, 2001 (a true and correct copy of which is attached hereto as Exhibit "B") and Commercial General Liability Policy No. CLS0696966 for the policy period January 31, 2001 to January 31, 2002 (a true and correct copy of which is attached hereto as Exhibit "C")

---

[1] Collectively, the Federal Policy and Scottsdale Policies are referred to herein as "the Policies."

[2] A true and correct copy of Federal General Liability Policy No. 3580-23-70, for the policy period January 31, 2003 to January 31, 2004, is attached hereto as Exhibit "A."  The Federal Policy was renewed for successive policy periods.  For the sake of efficiency, copies of the renewed policy are not attached hereto.

(collectively, "the Scottsdale Policies"). The Scottsdale Policies provided Wagner Oil with, among other things, "property damage" for the applicable policy periods. Each of the Scottsdale Policies provided Wagner Oil with no less than $1,000,000.00 in indemnity insurance coverage per occurrence and unlimited defense insurance coverage. Wagner Oil is a named insured under each of the Scottsdale Policies.

**B.     Property Damage Pleading Allegations Were Asserted Against Wagner Oil In Several Legacy Lawsuits Filed In Louisiana.**

9.      Wagner Oil was served with process as a named defendant in the lawsuit styled *Ardoin Limited Partnership, et al. v. Meridian Resource & Exploration, LLC, et al,* Cause No. 10-18692, in the 38th Judicial District for the Parish of Cameron, State of Louisiana (the "Ardoin Lawsuit"). The plaintiffs in the Ardoin Lawsuit asserted (among other things) "property damage" pleading allegations against Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.

10.     Wagner Oil was named as a defendant in the lawsuit styled *Bowie Lumber Associates v. BP America Production Company, et al.*, Cause No. 123325, in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana (the "Bowie Lumber Lawsuit"). The plaintiffs in the Bowie Lumber Lawsuit asserted (among other things) "property damage" pleading allegations against Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.

11.     Wagner Oil was served with process as a named defendant in the lawsuit styled *The State of Louisiana and the Cameron Parish School Board v. BP America Production Company, et al.*, Cause No. 10-18672, in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana (the "Cameron Parish Lawsuit"). The plaintiffs in the Cameron Parish Lawsuit asserted (among other things) "property damage" pleading allegations against

Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.

12.     Wagner Oil was named as a defendant in the lawsuit styled *Mark Clark v. Wagner Oil Company et al.*, Cause No 10-18866, in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana (the "Clark Lawsuit"). The plaintiffs in the Clark Lawsuit asserted (among other things) "property damage" pleading allegations against Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.

13.     Wagner Oil was named as a defendant in the lawsuit styled *Peltier Farms LLC, et al. v. BP America Production Company et al.*, Cause No. 121221, in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana (the "Peltier Farms Lawsuit"). The plaintiffs in the Peltier Farms Lawsuit asserted (among other things) "property damage" pleading allegations against Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.

14.     Wagner Oil was named as a defendant in the lawsuit styled *Debra Bergeron Duhon v. Petro "E" LLC, et al.*, Cause No. 88,120, in the 15th Judicial District Court for the Parish of Vermillion, State of Louisiana (the "Duhon Lawsuit"). The plaintiffs in the Duhon Lawsuit asserted (among other things) "property damage" pleading allegations against Wagner Oil, which undisputedly triggered Federal and Scottsdale's defense coverage obligations.[3]

## C.    Wagner Oil Properly Tendered Notice Of Its Claims, But Neither Federal Nor Scottsdale Have Provided Full Benefits For The Louisiana Lawsuits.

15.     In compliance with the terms and conditions of the Federal Policy, Wagner Oil (through its insurance broker) submitted a request for insurance benefits to Federal in connection with each of the Louisiana Lawsuits. Federal agreed to participate in the defense of Wagner Oil

---

[3] The Ardoin Lawsuit, Bowie Lumber Lawsuit, Cameron Parish Lawsuit, Clark Lawsuit, Peltier Farms Lawsuit, and Duhon Lawsuit are collectively referred to herein as the "Louisiana Lawsuits."

and/or partially funded the defense of Wagner Oil in each of the Louisiana Lawsuits, with the exception of the Bowie Lumber Lawsuit. In doing so, Federal tacitly conceded that its defense coverage obligations were triggered under the eight corners doctrine with respect to the aforementioned lawsuits. Wagner Oil has requested that Federal pay the remaining uncompensated costs associated with Wagner Oil's defense of the Louisiana Lawsuits, but Federal has refused to do so. By failing to provide Wagner Oil full benefits for the Louisiana Lawsuits, Federal has violated its obligations under the Federal Policy.

16. In compliance with the terms and conditions of the Scottsdale Policies, Wagner Oil (through its insurance broker) submitted a request for insurance benefits to Scottsdale in connection with each of the Louisiana Lawsuits. Scottsdale agreed to participate in the defense of Wagner Oil and/or partially funded the defense of Wagner Oil in each of the Louisiana Lawsuits. In doing so, Scottsdale tacitly conceded that its defense coverage obligations were triggered under the eight corners doctrine. Wagner Oil has requested that Scottsdale pay the remaining uncompensated costs associated with Wagner Oil's defense of the Louisiana Lawsuits, but Scottsdale has refused to do so. By failing to provide Wagner Oil full benefits for the Louisiana Lawsuits, Scottsdale has violated its obligations under the Scottsdale Policies.

17. To date, Wagner Oil has incurred over $1,000,000 in uncompensated attorneys' fees and costs associated with the Louisiana Lawsuits for which Defendants are each responsible pursuant to their respective duties to defend Wagner Oil.

18. Because of Defendants' wrongful conduct in failing to honor their obligations under their respective Policies, Wagner Oil has been forced to carry the uncompensated costs incurred in defense of the Louisiana Lawsuits.

19. Wagner Oil is entitled to insurance benefits under the Federal Policy and the Scottsdale Policies. Wagner Oil has complied with all conditions precedent under the Federal

and Scottsdale Policies, and all conditions precedent to recovery have occurred, been performed, or been excused.

## IV.
## CAUSES OF ACTION

**A.      Declaratory Judgment.**

20.      All prior paragraphs are incorporated herein by reference.

21.      Wagner Oil's demand for defense coverage under the Scottsdale Policies in connection with the Louisiana Lawsuits is a real, actual, and justiciable controversy. Likewise, Wagner Oil's demand for defense coverage under the Federal Policies in connection with the Louisiana Lawsuits is a real, actual, and justiciable controversy.

22.      Pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, Wagner Oil requests that the Court declare the parties' respective rights and obligations under the Federal and Scottsdale Policies. Specifically, Wagner Oil seeks a declaration that:

(a)      Under the Federal Policy, Federal owed Wagner Oil a contractual duty to provide a complete defense and pay all defense costs incurred by Wagner Oil in each of the underlying Louisiana Lawsuits; and

(b)      Under the Scottsdale Policies, Scottsdale owed Wagner Oil a contractual duty to provide a complete defense and pay all defense costs incurred by Wagner Oil in each of the underlying Louisiana Lawsuits.

**B.      Breach of Contract.**

23.      All prior paragraphs are incorporated herein by reference.

24.      Scottsdale and Federal breached their contractual duties owed to Wagner Oil under their respective Policies.

25.     Pursuant to its Policy, Federal had a contractual duty to defend Wagner Oil and pay all defense costs incurred by Wagner Oil in connection with each of the Louisiana Lawsuits. There is no policy exclusion in the Federal Policies that negates Federal's defense coverage obligations and/or the pleading allegations trigger Federal's defense coverage obligations under an exception to a policy exclusion.   Wagner Oil properly notified Federal of its claim for coverage, and while Federal has partially funded Wagner Oil's defense in connection with the Louisiana Lawsuits, Federal has failed to comply with its contractual obligation to provide Wagner Oil a complete defense and pay all defense costs incurred by Wagner Oil in the Louisiana Lawsuits.

26.     Pursuant to its Policies, Scottsdale had a contractual duty to defend Wagner Oil and pay all defense costs incurred by Wagner Oil in connection with each of the Louisiana Lawsuits.   There is no policy exclusion in the Scottsdale Policies that negates Scottsdale's defense coverage obligations and/or the pleading allegations trigger Scottsdale's defense coverage obligations under an exception to a policy exclusion.  Wagner Oil properly notified Scottsdale of its claim for coverage, and while Scottsdale has partially funded Wagner Oil's defense in connection with the Louisiana Lawsuits, Scottsdale has failed to comply with its contractual obligation to provide Wagner Oil a complete defense and pay all defense costs incurred by Wagner Oil in the Louisiana Lawsuits.

27.     Wagner Oil has suffered substantial damages as a proximate cause of Defendants' material breaches of their respective Policies.  These damages include the costs associated with the defense of the Louisiana Lawsuits that remain uncompensated.  Wagner Oil is entitled to recover the full amount due under the Policies including all attorneys' fees, costs, and expenses.

**C.    Violations of the Prompt Payment of Claims Subchapter of the Texas Insurance Code.**

28.    All prior paragraphs are incorporated herein by reference.

29.    Federal failed to comply with the prompt payment of claims provisions of the Texas Insurance Code (§§ 542.051-542.061) by unreasonably delaying payment of Wagner Oil's full benefits under the Federal Policy in connection with the Louisiana Lawsuits.  Federal unreasonably withheld such benefits despite having received all items, statements, and forms requested and required.

30.    Scottsdale failed to comply with the prompt payment of claims provisions of the Texas Insurance Code (§§ 542.051-542.061) by unreasonably delaying payment of Wagner Oil's full benefits under the Scottsdale Policies in connection with the Louisiana Lawsuits.  Scottsdale unreasonably withheld such benefits despite having received all items, statements, and forms requested and required.

31.    By not complying with the prompt payment provisions of the Texas Insurance Code, Scottsdale and Federal are subject to a statutory penalty of 18% interest per annum on the total amount of Wagner Oil's damages and benefits under the above-referenced policies, which Wagner Oil hereby seeks to recover.  This statutory penalty is in addition to Wagner Oil's attorneys' fees and expenses incurred in prosecuting this suit.

**D.    Attorneys' Fees.**

32.    All prior paragraphs are incorporated herein by reference.

33.    As a consequence of Federal and Scottsdale failing to perform under their respective insurance Policies, Wagner Oil has been forced to retain the undersigned attorneys to prosecute these claims.  Wagner Oil has requested that Federal and Scottsdale perform their contractual obligations under their respective Policies but Defendants have failed to do so.

Wagner Oil is therefore entitled to recover its reasonable and necessary attorneys' fees and costs in prosecuting this action under §38.001 of the Texas Civil Practice and Remedies Code, §542.060 of the Texas Insurance Code, and any other applicable code, statute, and/or legal authority.

## V.
## RESERVATION OF RIGHTS

34.     Wagner Oil specifically reserves its rights to supplement this Complaint as additional information becomes known or available.

## VI.
## JURY DEMAND

35.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wagner Oil requests a jury trial on all issues so triable.

## VII.
## PRAYER

36.     Wagner Oil prays that upon trial of the merits, the Court enter judgment in Wagner Oil's favor on all claims asserted herein, including without limitation:

(a)     declaratory relief providing that Federal owed Wagner Oil a complete duty to defend and pay all defense costs incurred by Wagner Oil in connection with the Louisiana Lawsuits;

(b)     declaratory relief providing that Scottsdale owed Wagner Oil a complete duty to defend and pay all defense costs incurred by Wagner Oil in connection with the Louisiana Lawsuits;

(c)     actual damages as set forth above;

(d)     reasonable and necessary attorneys' fees and costs incurred in connection with Wagner Oil's claims against Defendants;

(e)     costs of Court;

(f)     pre- and post-judgment interest at the maximum rate allowed by law; and

(g)    all other and further relief to which Wagner Oil is justly entitled, whether at law
       or in equity.

Respectfully submitted,

*Whitney D. Beckworth*

Marshall M. Searcy, Jr.
Attorney-In-Charge
State Bar No. 17955500
Southern District of Texas Bar No. 1125954
marshall.searcy@kellyhart.com
Derek W. Anderson
State Bar No. 24012215
Southern District of Texas Bar No. 3060581
derek.anderson@kellyhart.com
Scott R. Wiehle
State Bar No. 24043991
Southern District of Texas Bar No. 557368
scott.wiehle@kellyhart.com
Whitney D. Beckworth
State Bar No. 24087400
Southern District of Texas Bar No. 2302872
whitney.beckworth@kellyhart.com
Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:    (817) 332-2500
Facsimile:    (817) 878-9280

ATTORNEYS FOR BRYAN C. WAGNER
& WAGNER OIL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 12th, 2019 a true and correct copy of the foregoing was

served on all counsel of record via the Court's ECF system and/or via electronic mail.

*Whitney D. Beckworth*

Whitney D. Beckworth

**PLAINTIFF'S AMENDED COMPLAINT**                                                      **PAGE 10**
2888341_1